UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

Jim Billado Roofing, LLC,            :
                                     :
        Plaintiff,                   :
                                     :
            v.                       :     File No. 1:08-CV-97
                                     :
Custom Copper & Slate, Ltd.,         :
                                     :
        Defendant.                   :

RULING ON DEFENDANT'S MOTION FOR A NEW TRIAL OR,
IN THE ALTERNATIVE, TO AMEND AND ALTER THE JUDGMENT
BY REMITTITUR
(Papers 76, 77)

I.  Background

This case was initiated by Plaintiff subcontractor against Defendant contractor for breach of contract and violation of Vermont's Prompt Payment Act (9 V.S.A. § 4001 et seq.) concerning a roofing project at the federal building in Burlington, Vermont.

On June 16, 2009 a jury returned a verdict in favor of the Plaintiff in the amount of $90,712.50 on the breach of contract claim, and $61,520.82 on the Prompt Payment Act violation, for total damages of $152,233.32. The jury also found in favor of Plaintiff on Defendant's counterclaim.

Defendant moves for a new trial under Federal Rule of Civil Procedure 59(a) or, in the alternative, to amend and alter the judgment under Rule 59(e) by remittitur. (Papers 76, 77.)

II. Discussion

Under Rule 59(a), the Court may order a new trial if it concludes the jury has reached a "seriously erroneous result" or that the verdict constitutes a "miscarriage of justice," i.e., the verdict must be "against the weight of the evidence." See Manley v. Ambase Corp., 337 F.3d 237, 245 (2d Cir. 2003) (citation omitted).

Defendant argues the verdict is not supported by the evidence and is excessive. Defendant does not claim jury bias or prejudice. It also claims a new trial is warranted because the evidence did not support the jury's conclusion that Plaintiff did not breach the contract.

Apparently, the jury believed the testimony of Plaintiff's witnesses that he fully performed his responsibilities under the contract and that Defendant violated the Prompt Payment Act by neglecting to pay Plaintiff in a prompt manner. "A jury's credibility assessments are entitled to deference," so the Court will not disturb its findings of liability. United States v. Landau, 155 F.3d 93, 105 (2d Cir. 1998); see also Discepulo v. Gorgone, No. 3:03-cv-2188, 2006 WL 2621684, at *2 (D. Conn. 2006).

Since the Court finds there was no miscarriage of justice and the verdict was not against the weight of the evidence, a new trial on the issue of liability is not appropriate.

The Court agrees, however, the jury may have been confused when it awarded separate damages for each of Plaintiff's claims and erroneously added them together to achieve a total of $152,233.32.

Under Federal Rule of Civil Procedure 59(e), a court may alter or amend a judgment if damages awarded by a jury are excessive and not supported by the evidence. Reducing the amount of damages by way of an order of remittitur is an appropriate remedy. "Remittitur . . . is the process by which a court compels a plaintiff to choose between reduction of an excess verdict and a new trial." Earl v. Bouchard Transp. Co., 917 F.2d 1320, 1328 (2d Cir. 1990) (citing Shu-Tao Lin v. McDonnell Douglas Corp., 724 F.2d 45, 49 (2d Cir. 1984)).

The Court agrees with the Defendant the jury awarded damages twice for the same work performed by the Plaintiff and failed to deduct $30,000 from the contract damages.

At trial Plaintiff offered two invoices into evidence in support of his damages, one showing $90,808.32 reduced by payments of $30,000, for a total amount due of $60,808.32, and a second for $712.50. Pl's. Trial Exs. 6, 7. The total of these two invoices is $61,520.82 – the amount the jury awarded for violation of the Prompt Payment Act. In its computation of the breach of contract damages, the jury appears to have combined $90,000 of one invoice with $712.50 of the other.

3

The Court finds the maximum amount the jury could award based on the evidence is $61,520.82 for the breach of contract and Vermont Prompt Payment Act claims. Because the purpose of the Prompt Payment Act is to ensure a subcontractor is timely reimbursed for his labor and materials by the contractor, any award of damages may not be in addition to those found for the breach of the same contract. Since the two claims were pleaded alternatively, the jury was entitled to award similar damages, but should not have added them together resulting in double damages for the same work.

"Where a jury has awarded damages in an amount considered excessive by the trial court '[i]t is not among the powers of the . . . court . . . simply to reduce the damages without offering the prevailing party the option of a new trial.'" Lightfoot v. Union Carbide Corp., 110 F.3d 898, 914-15 (2d Cir. 1997) (citation omitted). "A trial court may, however, condition denial of a defendant's motion for a new trial on the plaintiff's stipulation to a remittitur in a stated amount." Id. at 915.

Therefore, the Court finds the jury verdict of $152,233.32 to be excessive, but before proceeding to another trial solely on the issue of damages, the Court suggests a remittitur as an alternative to a new trial which reduces the damage award from $152,233.32 to $61,520.82, concurrently on each count of Plaintiff's complaint, for a total of $61,520.82. Plaintiff may

4

accept this reduction <u>by November 16, 2009</u>, or proceed to a new trial on the issue of damages.

III. <u>Conclusion</u>

Defendant's motion for a new trial on the issue of liability (Paper 76) is DENIED.  Defendant's alternative motion to amend or alter the judgment by remittitur (Paper 77) is GRANTED.  Plaintiff shall inform the Court in writing, <u>on or before November 16, 2009</u>, whether it will accept the remittitur to a new amount of $61,520.82, or proceed to a new trial on the issue of damages.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of October, 2009.

/s/ J. Garvan Murtha<br>
J. Garvan Murtha<br>
Senior United States District Judge